IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAVIER RAMOS-RUIZ,<br><br><br>*Defendant.* | CRIMINAL ACTION<br><br>NO. 17-320 |

**PAPPERT, J.** September 25, 2017

### **MEMORANDUM**

On June 15, 2017, Javier Ramos-Ruiz was charged along with nine other individuals for allegedly participating in a drug distribution ring. Ramos-Ruiz himself was accused of conspiracy to distribute five kilograms or more of cocaine. The Government moved to have this case designated as complex pursuant to 18 U.S.C § 3161(h)(8)(B)(ii), (ECF No. 70), which Ramos-Ruiz opposed. (ECF No. 79.) Ramos-Ruiz has also filed a motion to sever pursuant to Federal Rule of Criminal Procedure 14(a), (ECF No. 89), which the Government opposed. (ECF No. 97.) The Court has reviewed both motions and responses, and on September 21, 2017 held a hearing on both motions. For the reasons that follow, the motion to sever is denied and the motion to have the case designated as complex is granted.

1

**I.**

`On June 15, 2017, the Government filed a 37-count, ten-defendant Indictment. Count One of the Indictment charged Ramos-Ruiz with conspiring with at least seven other co-defendants to conspire to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). (Indictment at 2, ECF No. 28.) Ramos-Ruiz's alleged participation in the conspiracy consisted of receiving a parcel of cocaine at an Allentown address and delivering the parcel to co-defendant Jose Sanchez-Delgado.[1] (*Id.* at 7.)

Count Two of the Indictment charged Sanchez-Delgado and another co-defendant with conspiracy to distribute one hundred grams or more of heroin. (*Id.* at 14.) The remaining thirty-five counts include charges against Sanchez-Delgado and other co-defendants with possession with intent to distribute and distribution of a controlled substance, possession with intent to distribute a controlled substance within 1,000 feet of a school and possession of a firearm in furtherance of a drug trafficking crime, among others.

**II.**

**A.**

The Federal Rules of Criminal Procedure permit courts to sever offenses or defendants that have been properly joined "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . ." Fed.R.Crim.P. 14. Motions for severance are "addressed to the sound discretion of the trial judge," and defendants bear a "heavy burden" in showing prejudice from joinder. *United States v. Boyd*, 595

---

[1] The Government described Sanchez-Delgado as the leader of the conspiracies because he is alleged to have organized each co-defendants' role in the conspiracy. (Government Resp. in Opp'n to Def. Mot. to Sever at 5, ECF. No. 97.)

F.2d 120, 125 (3d Cir. 1978); *see also United States v. Hudgins*, 338 Fed.Appx. 150, 153 (3d Cir. 2009). "[M]ere allegations of prejudice are not enough." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981). Nor should prejudice be found "in a joint trial just because all evidence adduced is not germane to all counts against each defendant or some evidence adduced is more damaging to one defendant than others." *United States v. Balter*, 91 F.3d 427, 433 (3d Cir. 1996). Moreover, a defendant is not "entitled to severance merely because he may have a better chance of acquittal in a separate trial." *United States v. Fumo*, No. 06-319, 2008 WL 109667, at 5 (E.D. Pa. Jan. 9, 2008); *see also Zafiro v. United States,* 506 U.S. 534, 540 (1993). Rather, "[s]everance should only be granted 'if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (quoting *Zafiro*, 506 U.S. at 539).

In the context of multiple defendants, the Third Circuit Court of Appeals has noted that prejudice sufficient to warrant severance might occur "in a complex case involving many defendants with markedly different degrees of culpability." *Balter,* 91 F.3d at 432–33 (*citing Zafiro,* 506 U.S. at 539). On the other hand, "[p]articipants in a single conspiracy should ordinarily be tried together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another." *United States v. Ward,* 793 F.2d 551, 556 (3d Cir.1986). The reason for this is that "joint trials of defendants charged under a single conspiracy aid the finder of fact in determining the 'full extent of the conspiracy,' and prevent 'the tactical disadvantage to the government from disclosure of its case.'" *United States v. Voigt,* 89 F.3d 1050,

3

1094 (3d Cir.1996) (quoting *United States v. Provenzano,* 688 F.2d 194, 199 (3d Cir.1982)). Ultimately, the primary consideration when evaluating prejudice is "whether the jury can reasonably be expected to compartmentalize the evidence as it related to separate defendants . . . ." *United States v. DeLarosa*, 450 F.2d 1057, 1065 (3d Cir. 1971), *cert. denied*, 405 U.S. 927 (1972).

Even where the risk of prejudice is high, "Rule 14 does not require severance," instead leaving "the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–39. Limiting instructions to the jury provide a "less drastic measure" than separate trials, and will often "suffice to cure any risk of prejudice . . . ." *Id.* at 539.

## B.

The Speedy Trial Act requires that a criminal trial commence "within seventy days of the filing date… of the… indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending," whichever is later. 18 U.S.C. § 3161(c)(1). The Act, however, provides a number of "excludable days" in computing the time within which a trial must commence. 18 U.S.C. § 3161(h). For example, in deciding whether to delay the start of trial, a court may consider whether the case is "so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(8)(B)(ii).

### III.

#### A.

In light of judicial economy and appropriate alternative relief, Ramos-Ruiz has not met the heavy burden required for severance. Ramos-Ruiz argues that he is at risk of prejudice because he allegedly played only a minor role in the cocaine conspiracy, had no involvement in the heroin conspiracy, and that the evidence presented against co-defendants will spill over, leading jurors to conclude that Ramos-Ruiz is guilty of participating in the cocaine conspiracy, was involved in the separate offenses listed in the Indictment, or both.

Ramos-Ruiz has been charged only in Count One of the Indictment, and at this time, the Government has not sought to link Ramos-Ruiz in a conspiracy to distribute heroin or any of the separate offenses listed in the Indictment.[2]

With respect to the alleged cocaine conspiracy, differing levels of evidence and culpability are nearly inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials. As the Third Circuit Court of Appeals has repeatedly stated, "[t]he introduction of evidence more damaging to one defendant than another does not entitle the seemingly less culpable defendant to severance." *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992). With respect to the heroin conspiracy, the "introduction of other crimes evidence against one defendant does not entitle a co-defendant to a separate trial." *Id.* Rather than requiring separate trials, an instruction informing the jury to compartmentalize the evidence between individual defendants and counts serves as an appropriate remedy in the present case. Jurors are presumed to follow their instructions, and a limiting instruction will ensure that the

---
[2] At the hearing counsel for the Government said a superseding indictment was being contemplated.

jury does not draw a contextual inference of guilt, addressing the risk of prejudice against Ramos-Ruiz.

The interests of judicial economy also favor denying the motion to sever because Ramos-Ruiz and his co-defendants were indicted together. The federal system favors "joint trials of defendants who are indicted together," promoting efficiency and justice by avoiding the possibility of inconsistent verdicts. *United States v. Walker*, 392 F. App'x 919, 925 (3d Cir. 2010).

**B.**

The Government's motion for a continuance is granted because the ends of justice served by granting a continuance outweigh the interests of Defendant Ramos-Ruiz in a speedy trial. As the statute explicitly contemplates, a case may be designated as complex because the number of defendants or existence of novel factual questions make it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(B)(ii). Such is the case here. Ten defendants were charged in two separate conspiracies to distribute cocaine and heroin. Evidence includes recorded wire and electronic communications, audio and videotapes of undercover drug purchases, surveillance photos and videos, and laboratory reports. Ramos-Ruiz has yet to review the evidence of his own actions and those of his co-conspirators. For example, co-defendant Sanchez-Delgado is included in almost 1,000 electronic and wire interceptions conducted entirely in Spanish, which must be translated into English. Furthermore, evidence also includes hundreds of hours of pole camera video footage, dozens of consensual drug purchases, and dozens of police and laboratory reports,

among others. (Reply to Def. Resp. in Opp'n to Mot. for Complex Case Designation at 3, ECF No. 81.) Ramos-Ruiz' primary argument in opposition to the motion for complex case designation is that the Government lacks the "grit and determination" necessary to prosecute the case on a timetable which satisfies Ramos-Ruiz. (Def. Resp. in Opp'n to Mot. for Complex Case Designation at 2, ECF No. 79.) There is much more to it than that, perhaps explaining why all other defendants consented to the Government's motion.[3]

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.

---

[3] In his Rule 14(a) motion to grant a severance, Ramos-Ruiz argued that the motion should be granted, in part, because he possessed the "specific trial right" to be brought to trial within seventy days of the date of indictment. Having granted the Government's motion requesting that this case be designated a complex case, that argument is moot.